IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| K.S.C., | : |
|       Petitioner, | : |
| v. | :   Case No. 4:25-cv-363-CDL-AGH |
| | :   28 U.S.C. § 2241 |
| Warden, STEWART DETENTION CENTER, *et al.*, | : |
|       Respondents. | : |

**<u>ORDER</u>**

Pending before the Court is Petitioner's application for a writ of habeas corpus (ECF No. 1). Petitioner is a native and citizen of Venezuela who entered the United States in 2023 without admission and has resided here ever since. Pet. ¶ 15, 42, ECF No. 1; Stephens Decl. ¶ 4, ECF No. 4-1. On July 4, 2025, she was taken into United States Immigration and Customs Enforcement ("ICE") custody and has been detained since then. Stephens Decl. ¶ 11. Petitioner contends that she is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is not entitled to a bond hearing because she is detained under 8 U.S.C. § 1225(b)(2), which mandates detention for certain aliens, without an opportunity for a bond hearing.

As Respondents concede, though, the issue presented in this action is identical to the issue the Court decided in *J.A.M. v. Streeval*, No. 4:25-cv-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025). Based on the Court's rationale in *J.A.M.*, the Court finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a). The Court thus grants Petitioner's petition for a writ of habeas corpus to the extent that the Court

orders Respondents to provide Petitioner with a bond hearing to determine if Petitioner may be released on bond under § 1226(a)(2) and the applicable regulations. *See* 8 C.F.R. §§ 236.1 & 1236.1.

**IT IS SO ORDERED**, this 26th day of November, 2025.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
